# EXHIBIT J

**From:** Willi Brand (HWB CAPITAL MANAGEME) [mailto:hwb@bloomberg.net]
**Sent:** Wednesday, December 11, 2013 1:13 PM
**Subject:** Re:NW Global Strategy complaint on 2017 and 2027 bonds

Dear Mike, I am ok with your proposed procedure. Please go ahead with the filing of the complaints accordingly. Best regards, Willi

------ Original Message -----
From: MSpencer@milberg.com
At: Dec 11 2013 18:22:18

Willi --

We have decided that the pari passu test case is far enough along that we are comfortable filing complaints covering bonds acquired by our clients, and including pari passu allegations in the complaint. We'd like to do that for your two NW Global bonds (2017 and 2027), and combine it for logistical convenience with a bond owned by another client (small amount). Attached is a draft complaint and demand letter to the Fiscal Agent.

As part of our agreement among all bondholers litigating the pari passu test case, we will not seek summary judgment on the pari passu claim unless and until the US Supreme Court denies cert (or we are otherwise completely clear of possible complications in the test case -- the reason we have held off on even filing complaints until now).

Please confirm that you are ok with this going ahead in the next weeks. Keep in mind that as time goes by, you lose claims on interest payments due 5 years ago (next limitation period on your bond interest expires Jan. 30, 2014), but arguably you gain a higher accruing (coupon) interest rate prior to entry of judgment, as compared to (statutory) post-judgment interest (however, as mentioned above, we will not seek summary judgment for some time, so this is not really a factor).

Best regards,

Mike

Michael C. Spencer
Attorney at Law

MILBERG LLP

One Pennsylvania Plaza, 49th Floor
New York, NY 10119
T 212.946.9450
F 212.273.4395
mspencer@milberg.com

 

This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify sender immediately. Thank You.

**Bialek, Adam**

**Subject:** FW: Re:NW Global Strategy complaint on 2017 and 2027 bonds

---

**From:** Spencer, Michael
**Sent:** Thursday, May 15, 2014 2:47 PM
**To:** 'Willi Brand'
**Cc:** prv@rositovago.com
**Subject:** RE: Re:NW Global Strategy complaint on 2017 and 2027 bonds

Hello Willi!

Of course we are anxiously awaiting the US Supreme Court's decision on cert. If, as we hope, cert is denied (expected decision time is from maybe a week from now, until the Court recesses at the end of June), all sorts of things might happen, ranging from a settlement, to payment only of the equal treatment test case plaintiffs, to Argentina's defaulting on the Exchange Bonds, or maybe to Argentina's violating the injunction.

I'm writing you now in particular because we are preparing to file summary judgment motions (seeking both payment and enforcement of the pari passu clause) for our few clients, including you (for some of your bonds), who have not yet obtained judgments. As previously explained, pre-judgment bondholders have a clearer shot at getting pari passu injunctions, so we do not need to worry about the additional "merger" issues that Argentina will undoubtedly raise when we being to test the pari passu waters for post-judgment plaintiffs.

My question: Do you want us to include your pre-judgment action as part of the small group for which we will seek summary judgment if and when cert is denied? I don't really see any downside; it may attract a lot of attention but that really isn't a factor. Please let me know what you think.

Best regards,
Mike

Michael C. Spencer
Attorney at Law

One Pennsylvania Plaza, 49th Floor
New York, NY 10119
T 212.946.9450
F 212.273.4395
mspencer@milberg.com

website

---

**From:** Willi Brand (HWB CAPITAL MANAGEME) [mailto:hwb@bloomberg.net]
**Sent:** Wednesday, December 11, 2013 1:13 PM
**Subject:** Re:NW Global Strategy complaint on 2017 and 2027 bonds

Dear Mike, I am ok with your proposed procedure. Please go ahead with the filing of the complaints accordingly. Best regards, Willi

----- Original Message -----
From: MSpencer@milberg.com
At: Dec 11 2013 18:22:18

Willi --

We have decided that the pari passu test case is far enough along that we are comfortable filing complaints covering bonds acquired by our clients, and including pari passu allegations in the complaint. We'd like to do that for your two NW Global bonds (2017 and 2027), and combine it for logistical convenience with a bond owned by another client (small amount). Attached is a draft complaint and demand letter to the Fiscal Agent.

As part of our agreement among all bondholers litigating the pari passu test case, we will not seek summary judgment on the pari passu claim unless and until the US Supreme Court denies cert (or we are otherwise completely clear of possible complications in the test case -- the reason we have held off on even filing complaints until now).

Please confirm that you are ok with this going ahead in the next weeks. Keep in mind that as time goes by, you lose claims on interest payments due 5 years ago (next limitation period on your bond interest expires Jan. 30, 2014), but arguably you gain a higher accruing (coupon) interest rate prior to entry of judgment, as compared to (statutory) post-judgment interest (however, as mentioned above, we will not seek summary judgment for some time, so this is not really a factor).

Best regards,

Mike

Michael C. Spencer
Attorney at Law

MILBERG LLP

One Pennsylvania Plaza, 49th Floor
New York, NY 10119
T 212.946.9450
F 212.273.4395
mspencer@milberg.com

vCard bio website

This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify sender immediately. Thank You.

This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify sender immediately. Thank You.

**Bialek, Adam**

**Subject:** FW: Re:NW Global Strategy complaint on 2017 and 2027 bonds

---

**From:** Spencer, Michael
**Sent:** Friday, May 16, 2014 11:59 AM
**To:** 'Willi Brand'
**Subject:** RE: Re:NW Global Strategy complaint on 2017 and 2027 bonds

Hi Willi –

It's very difficult to predict how the overall situation will play out. We have one other client that has made recent purchases of bonds and wants to get a pari passu injunction at the earliest possible time (though I told them initially that we would not seek an injunction for any other clients until the test-case injunction in Varela was bulletproof, i.e., no Supreme Court review). So we are preparing to make a follow-on motion for that pre-judgment client as soon as the Varela (and NML etc.) injunction is affirmed, meaning when cert is denied (or when, if cert is granted, the Supreme Court then affirms the Second Circuit).

The only other factor I can think of, when looking at this from your viewpoint, concerns your fund and client situation. Obviously we have judgments already on many of your bonds, and if you decide to have us make a motion for a pari passu injunction on your pre-judgment bonds (only), the post-judgment clients may feel a bit ... deprived? Your and our situation is entirely justified by the law, because pari passu injunctions for post-judgment holders do pose an additional legal hurdle (the merger doctrine). But some post-judgment clients or holders may not fully understand or accept that. I have no idea whether you have constituencies among your funds and clients who might raise these issues, but I think it is something you should consider. I think you would be justified in making either decision: moving ahead immediately on the pre-judgment bonds; or waiting a bit to see how the situation is unfolding before deciding how to proceed, with respect to pre- and post-judgment bonds.

I hope that helps. Let me know if I can clarify any of this.

Best regards,
Mike

Michael C. Spencer
Attorney at Law

MILBERG LLP

One Pennsylvania Plaza, 49th Floor
New York, NY 10119
T 212.946.9450
F 212.273.4395
mspencer@milberg.com

vCard  website

---

**From:** Willi Brand (HWB CAPITAL MANAGEME) [mailto:hwb@bloomberg.net]
**Sent:** Friday, May 16, 2014 12:56 AM
**To:** Spencer, Michael
**Subject:** RE: Re:NW Global Strategy complaint on 2017 and 2027 bonds

Dear Mike, thanks for the explanations. What would be your recommendation from the point of the lawyers view? Best regards Willi

```
----- Original Message -----
From: MSpencer@milberg.com
To: WILLI BRAND (HWB CAPITAL MANAGEME)
Cc: prv@rositovago.com
At: May 15 2014 20:47:11
```

Hello Willi!

Of course we are anxiously awaiting the US Supreme Court's decision on cert. If, as we hope, cert is denied (expected decision time is from maybe a week from now, until the Court recesses at the end of June), all sorts of things might happen, ranging from a settlement, to payment only of the equal treatment test case plaintiffs, to Argentina's defaulting on the Exchange Bonds, or maybe to Argentina's violating the injunction.

I'm writing you now in particular because we are preparing to file summary judgment motions (seeking both payment and enforcement of the pari passu clause) for our few clients, including you (for some of your bonds), who have not yet obtained judgments. As previously explained, pre-judgment bondholders have a clearer shot at getting pari passu injunctions, so we do not need to worry about the additional "merger" issues that Argentina will undoubtedly raise when we being to test the pari passu waters for post-judgment plaintiffs.

My question: Do you want us to include your pre-judgment action as part of the small group for which we will seek summary judgment if and when cert is denied? I don't really see any downside; it may attract a lot of attention but that really isn't a factor. Please let me know what you think.

Best regards,

Mike

Michael C. Spencer
Attorney at Law

One Pennsylvania Plaza, 49th Floor
New York, NY 10119
T 212.946.9450
F 212.273.4395
mspencer@milberg.com

vCard bio website

---

**From:** Willi Brand (HWB CAPITAL MANAGEME) [mailto:hwb@bloomberg.net]
**Sent:** Wednesday, December 11, 2013 1:13 PM
**Subject:** Re:NW Global Strategy complaint on 2017 and 2027 bonds

Dear Mike, I am ok with your proposed procedure. Please go ahead with the filing of the complaints accordingly. Best regards, Willi

----- Original Message -----
From: MSpencer@milberg.com
At: Dec 11 2013 18:22:18

Willi --

We have decided that the pari passu test case is far enough along that we are comfortable filing complaints covering bonds acquired by our clients, and including pari passu allegations in the complaint. We'd like to do that for your two NW Global bonds (2017 and 2027), and combine it for logistical convenience with a bond owned by another client (small amount). Attached is a draft complaint and demand letter to the Fiscal Agent.

As part of our agreement among all bondholers litigating the pari passu test case, we will not seek summary judgment on the pari passu claim unless and until the US Supreme Court denies cert (or we are otherwise completely clear of possible complications in the test case -- the reason we have held off on even filing complaints until now).

Please confirm that you are ok with this going ahead in the next weeks. Keep in mind that as time goes by, you lose claims on interest payments due 5 years ago (next limitation period on your bond interest expires Jan. 30, 2014), but arguably you gain a higher accruing (coupon) interest rate prior to entry of judgment, as compared to (statutory) post-judgment interest (however, as mentioned above, we will not seek summary judgment for some time, so this is not really a factor).

Best regards,

Mike

Michael C. Spencer
Attorney at Law

One Pennsylvania Plaza, 49th Floor
New York, NY 10119
T 212.946.9450
F 212.273.4395
mspencer@milberg.com

vCard bio website

---

This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify sender immediately. Thank You.

---

This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify sender immediately. Thank You.

---

This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify sender immediately. Thank You.

---

**Bialek, Adam**

**Subject:** FW: Re:NW Global Strategy complaint on 2017 and 2027 bonds

---

**From:** Willi Brand (HWB CAPITAL MANAGEME)
**Sent:** Wednesday, May 21, 2014 3:39 AM
**To:** Spencer, Michael
**Subject:** RE: Re:NW Global Strategy complaint on 2017 and 2027 bonds

Hi Mike, thanks for clarification. Please include the pari passu injunction at the earliest possible time for the new claim. Best regards, Willi

----- Original Message -----
From: MSpencer@milberg.com
To: WILLI BRAND (HWB CAPITAL MANAGEME)
At: May 16 2014 17:59:08

Hi Willi –

It's very difficult to predict how the overall situation will play out. We have one other client that has made recent purchases of bonds and wants to get a pari passu injunction at the earliest possible time (though I told them initially that we would not seek an injunction for any other clients until the test-case injunction in Varela was bulletproof, i.e., no Supreme Court review). So we are preparing to make a follow-on motion for that pre-judgment client as soon as the Varela (and NML etc.) injunction is affirmed, meaning when cert is denied (or when, if cert is granted, the Supreme Court then affirms the Second Circuit).

The only other factor I can think of, when looking at this from your viewpoint, concerns your fund and client situation. Obviously we have judgments already on many of your bonds, and if you decide to have us make a motion for a pari passu injunction on your pre-judgment bonds (only), the post-judgment clients may feel a bit ... deprived? Your and our situation is entirely justified by the law, because pari passu injunctions for post-judgment holders do pose an additional legal hurdle (the merger doctrine). But some post-judgment clients or holders may not fully understand or accept that. I have no idea whether you have constituencies among your funds and clients who might raise these issues, but I think it is something you should consider. I think you would be justified in making either decision: moving ahead immediately on the pre-judgment bonds; or waiting a bit to see how the situation is unfolding before deciding how to proceed, with respect to pre- and post-judgment bonds.

I hope that helps. Let me know if I can clarify any of this.

Best regards,

Mike

Michael C. Spencer
Attorney at Law

One Pennsylvania Plaza, 49th Floor
New York, NY 10119
T 212.946.9450
F 212.273.4395
mspencer@milberg.com

vCard bio website

---

**From:** Willi Brand (HWB CAPITAL MANAGEME) [mailto:hwb@bloomberg.net]
**Sent:** Friday, May 16, 2014 12:56 AM
**To:** Spencer, Michael
**Subject:** RE: Re:NW Global Strategy complaint on 2017 and 2027 bonds

Dear Mike, thanks for the explanations. What would be your recommendation from the point of the lawyers view? Best regards Willi

----- Original Message -----
From: MSpencer@milberg.com
To: WILLI BRAND (HWB CAPITAL MANAGEME)
Cc: prv@rositovago.com
At: May 15 2014 20:47:11

Hello Willi!

Of course we are anxiously awaiting the US Supreme Court's decision on cert. If, as we hope, cert is denied (expected decision time is from maybe a week from now, until the Court recesses at the end of June), all sorts of things might happen, ranging from a settlement, to payment only of the equal treatment test case plaintiffs, to Argentina's defaulting on the Exchange Bonds, or maybe to Argentina's violating the injunction.

I'm writing you now in particular because we are preparing to file summary judgment motions (seeking both payment and enforcement of the pari passu clause) for our few clients, including you (for some of your bonds), who have not yet obtained judgments. As previously explained, pre-judgment bondholders have a clearer shot at getting pari passu injunctions, so we do not need to worry about the additional "merger" issues that Argentina will undoubtedly raise when we being to test the pari passu waters for post-judgment plaintiffs.

My question: Do you want us to include your pre-judgment action as part of the small group for which we will seek summary judgment if and when cert is denied? I don't really see any downside; it may attract a lot of attention but that really isn't a factor. Please let me know what you think.

Best regards,

Mike

Michael C. Spencer
Attorney at Law

One Pennsylvania Plaza, 49th Floor
New York, NY 10119
T 212.946.9450
F 212.273.4395
mspencer@milberg.com

---

**From:** Willi Brand (HWB CAPITAL MANAGEME) [mailto:hwb@bloomberg.net]
**Sent:** Wednesday, December 11, 2013 1:13 PM
**Subject:** Re:NW Global Strategy complaint on 2017 and 2027 bonds

Dear Mike, I am ok with your proposed procedure. Please go ahead with the filing of the complaints accordingly. Best regards, Willi

----- Original Message -----
From: MSpencer@milberg.com
At: Dec 11 2013 18:22:18

Willi --

We have decided that the pari passu test case is far enough along that we are comfortable filing complaints covering bonds acquired by our clients, and including pari passu allegations in the complaint. We'd like to do that for your two NW Global bonds (2017 and 2027), and combine it for logistical convenience with a bond owned by another client (small amount). Attached is a draft complaint and demand letter to the Fiscal Agent.

As part of our agreement among all bondholers litigating the pari passu test case, we will not seek summary judgment on the pari passu claim unless and until the US Supreme Court denies cert (or we are otherwise completely clear of possible complications in the test case -- the reason we have held off on even filing complaints until now).

Please confirm that you are ok with this going ahead in the next weeks. Keep in mind that as time goes by, you lose claims on interest

payments due 5 years ago (next limitation period on your bond interest expires Jan. 30, 2014), but arguably you gain a higher accruing (coupon) interest rate prior to entry of judgment, as compared to (statutory) post-judgment interest (however, as mentioned above, we will not seek summary judgment for some time, so this is not really a factor).

Best regards,

Mike

Michael C. Spencer
Attorney at Law

One Pennsylvania Plaza, 49th Floor
New York, NY 10119
T 212.946.9450
F 212.273.4395
mspencer@milberg.com

website

---

This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify sender immediately. Thank You.

---

---

This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify sender immediately. Thank You.

---

---

This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information intended only for the use of the individual or entity named above. If the reader of this

message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify sender immediately. Thank You.

---

This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify sender immediately. Thank You.

---

**Bialek, Adam**

**Subject:** FW: Arg bonds -- status

---

**From:** Spencer, Michael
**Sent:** Tuesday, April 29, 2014 12:37 PM
**To:** 'Willi Brand'
**Cc:** prv@rositovago.com
**Subject:** Arg bonds -- status

Hello Willi. I thought I'd give you a quick update. Apologies if you already know all this.

We will be filing our opposition to Argentina's cert petition in the pari passu test cases next week. The Supreme Court could rule on the petition as early as May 22 (that appears to be the conference date following the two weeks Argentina is given to submit a reply brief), and the Court should rule by the end of its term at the end of June. If the Court asks for the views of the US Solicitor General, consideration would be delayed into the new term starting in October. If the Court denies cert, in all probability Argentina will have to decide very quickly whether to honor the pari passu injunctions or to disobey them – the next Exchange Bond interest payments are due in early and late June and then at the end of September. This could be a frantic time for Argentina. If cert is granted, the stay against the injunctions will continue, and the case will be fully argued and decided next term.

The Supreme Court heard argument last week in a related case about discovery against Argentina to get information on assets that could be executed upon, under the Foreign Sovereign Immunities Act. I went to the argument; "our side" seemed to do well (in favor of the discovery). And I just don't think the Court will take another Argentina case, which obviously would be good news on pari passu.

If cert is denied, there may be global negotiations to resolve all judgments and open claims against Argentina; or it may be more disorganized and contentious. We will keep you informed. We will also seek pari passu injunctions on behalf of all our clients, both pre- and post-summary judgment. It will be an interesting time, and I hope we will get a satisfactory resolution at last.

Hope all is well. Best regards.
Mike

Michael C. Spencer
Attorney at Law

MILBERG LLP

One Pennsylvania Plaza, 49th Floor
New York, NY 10119
T 212.946.9450
F 212.273.4395
mspencer@milberg.com

vCard | 
bio
 | website

---

This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received

     

this communication in error, please erase all copies of the message and its attachments and notify sender immediately.
Thank You.

---

# EXHIBIT K

**From:** Gregor.Berke@lri-invest.lu [mailto:Gregor.Berke@lri-invest.lu]
**Sent:** Monday, April 11, 2016 9:24 AM
**To:** Spencer, Michael
**Cc:** Rene.Thiel@lri-invest.lu; Willi Brand (HWB CAPITAL MANAGEME); Carsten Salzig
**Subject:** Status Argentina - Bond HWB

Dear Mike,

Reference is made to the claims of the HWB investment funds against Argentina.

The majority of the holdouts have already negotiated arrangements with Argentina and the deadline for the settlement reached with Elliot is approaching soon (payment deadline), same with Argentina's intention/need to return to the global capital markets.

However, as far as we understood there are still no current successful negotiations between you and Argentina in order to settle our claims.

We think it is time to demonstrate to Argentina that we are willing to find an agreement with them. Accordingly, we hereby ask you to contact the representatives of Argentina by tomorrow at the latest in order to express our will for a common solution.

Please keep us informed about the outcome of your approach so that we can discuss the details and the negotiating strategy later on but before above deadline is reached.

Thanking you in advance for your kind co-operation.

Best regards

René Gregor

PS: Anticipating your successful negotiations leading to a viable and sustainable settlement with Argentina we would appreciate your feedback on the current status of your prospective fees, as agreed upon in various agreements with MILBERG and DREIER. This would allow us to already update our internal pricing / valuation of the HWB bonds and be prepared to publish a new NAV pricing reflecting all costs & expenses as soon as an agreement is reached or looming.

Mit freundlichen Grüßen/ Kind regards

---

Gregor Berke
Legal & Compliance
Senior Legal Counsel

LRI Invest S.A.
9A, rue Gabriel Lippmann
5365 Munsbach
Luxembourg

Telefon +352 261500 2808
Telefax +352 261500 2899

E-Mail Gregor.Berke@lri-invest.lu
Internet http://www.lri-invest.lu

SOCIETE ANONYME, R.C.S. Luxembourg B 28.101

LRI Invest - excellence in fund administration since 1988

**Spencer, Michael**

| | |
|---|---|
| **From:** | Spencer, Michael |
| **Sent:** | Tuesday, April 12, 2016 3:52 PM |
| **To:** | Willi Brand |
| **Subject:** | DRAFT RESPONSE TO LRI -- after you review and approve, I will send to LRI at end of today |
| **Attachments:** | Arg negots - April 6 and 7 .pdf; Arg negots - April 11 and 12 .pdf |

Hello Rene and Gregor --

You asked for a report on our contacts with Argentina representatives in order to express our will toward a common solution. I have had numerous contacts with the Special Master and with Luis Caputo in order to try to start negotiations. The consistent response has been that the only offer available to our clients is the government's public offer (Propuesta). To show recent contacts, I have attached two scans, each with several emails. The first scan shows emails among Mr. Pollack, Mr. Caputo, and me on April 6 and 7 (last week). The second scan shows emails among Mr. Pollack and me, copied to Mr. Caputo, from April 11 and 12 (last night and this morning). I conclude that the government is not interested in negotiating at any level higher than the public offer, at this time.

You also asked for information on the fee provisions stated in the retainer agreements. The fees are contingent, payable from any recoveries on the bonds. There are two levels among the various entities and their agreements. For the bonds held by HWB Renten Portfolio Plus, HWB Alexandra Strategies Portfolio, HWB Victoria Strategies Portfolio, and HWB Portfolio Plus, the fee is 8% of amounts of principal recovered in excess of 35 cents per dollar of principal, plus 8% of all interest recoveries. For the bonds held by HWB Gold/Silver Plus, HWB Gold & Silver Plus, HWB Alexandra Strategies Portfolio, and HWB Dachfonds VeniVidiVici, the fee is 8% of amounts of principal recovered in excess of 20 cents per dollar of principal, plus 8% of all interest recoveries.

Please let me know if you have any further questions.

Best,
Michael Spencer

Michael C. Spencer
Attorney at Law

MILBERG LLP

One Pennsylvania Plaza, 49th Floor
New York, NY 10119
T 212.946.9450
F 212.273.4395
mspencer@milberg.com

**Bialek, Adam**

**Subject:** FW: Arg bonds - Brand / LRI RE: Status Argentina - Bond HWB

**From:** Spencer, Michael
**Sent:** Tuesday, April 12, 2016 6:11 PM
**To:** 'Gregor.Berke@lri-invest.lu'
**Cc:** Rene.Thiel@lri-invest.lu; Willi Brand (HWB CAPITAL MANAGEME); Carsten Salzig
**Subject:** Arg bonds - Brand / LRI RE: Status Argentina - Bond HWB

Hello Rene and Gregor --

At your request, I contacted the Special Master and Luis Caputo last night to express our will toward a common solution and to see if Argentina is receptive to negotiations. I received an answer this morning saying they are not, at this time.

You also asked for information on the fee provisions stated in the retainer agreements. The fees are contingent, payable from any recoveries on the bonds. There are two levels among the various entities and their agreements. For the bonds held by HWB Renten Portfolio Plus, HWB Alexandra Strategies Portfolio, HWB Victoria Strategies Portfolio, and HWB Portfolio Plus, the fee is 8% of amounts of principal recovered in excess of 35 cents per dollar of principal, plus 8% of all interest recoveries. For the bonds held by HWB Gold/Silver Plus, HWB Gold & Silver Plus, HWB Alexandra Strategies Portfolio, and HWB Dachfonds VeniVidiVici, the fee is 8% of amounts of principal recovered in excess of 20 cents per dollar of principal, plus 8% of all interest recoveries.

Please let me know if you have any further questions.

Best,
Michael Spencer

Michael C. Spencer
Attorney at Law

MILBERG LLP

One Pennsylvania Plaza, 49th Floor
New York, NY 10119
T 212.946.9450
F 212.273.4395
mspencer@milberg.com

vCard bio 
website

**From:** Gregor.Berke@lri-invest.lu [mailto:Gregor.Berke@lri-invest.lu]
**Sent:** Monday, April 11, 2016 9:24 AM
**To:** Spencer, Michael
**Cc:** Rene.Thiel@lri-invest.lu; Willi Brand (HWB CAPITAL MANAGEME); Carsten Salzig
**Subject:** Status Argentina - Bond HWB

Dear Mike,

Reference is made to the claims of the HWB investment funds against Argentina.

The majority of the holdouts have already negotiated arrangements with Argentina and the deadline for the settlement reached with Elliot is approaching soon (payment deadline), same with Argentina's intention/need to return to the global capital markets.

However, as far as we understood there are still no current successful negotiations between you and Argentina in order to settle our claims.

We think it is time to demonstrate to Argentina that we are willing to find an agreement with them. Accordingly, we hereby ask you to contact the representatives of Argentina by tomorrow at the latest in order to express our will for a common solution.

Please keep us informed about the outcome of your approach so that we can discuss the details and the negotiating strategy later on but before above deadline is reached.

Thanking you in advance for your kind co-operation.

Best regards

René Gregor

PS: Anticipating your successful negotiations leading to a viable and sustainable settlement with Argentina we would appreciate your feedback on the current status of your prospective fees, as agreed upon in various agreements with MILBERG and DREIER. This would allow us to already update our internal pricing / valuation of the HWB bonds and be prepared to publish a new NAV pricing reflecting all costs & expenses as soon as an agreement is reached or looming.

---

Mit freundlichen Grüßen/ Kind regards

**Gregor Berke**
Legal & Compliance
Senior Legal Counsel

LRI Invest S.A.
9A, rue Gabriel Lippmann
5365 Munsbach
Luxembourg

Telefon +352 261500 2806
Telefax +352 261500 2899

E-Mail Gregor.Berke@lri-invest.lu
Internet http://www.lri-invest.lu

SOCIETE ANONYME, R.C.S. Luxembourg B 28.101

LRI Invest Luxembourg

**LRI Invest - excellence in fund administration since 1988**

Please consider the impact on the environment before printing this e-mail and/or the attachment(s).

Internet communications are not secure. We cannot guarantee that the integrity of this communication has been maintained. E-mail communication is not error-free, as information -including any attachments- could be intercepted, interfered, corrupted, amended, lost, destroyed, arrive late or incomplete, or contain viruses. Anyone accessing this e-mail must take his own security precautions. Any message, opinion, conclusion or advice contained in this e-mail involving a commitment is not valid and does not engage LRI Invest S.A. liability without having been confirmed by a written document signed by two persons who are entitled to engage such LRI Invest S.A. liability. The information in this message and/or attachment(s) is intended solely for the attention and use of the named addressee and may be confidential and legally privileged. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error and that any use, disclosure, copy, distribution, or any action taken or omitted to be taken in reliance on it is prohibited and may be unlawful. In such case please notify LRI Invest S.A. of the deletion of this message together with the destruction of any copy in your computer or software.

This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify sender immediately. Thank You.

# EXHIBIT L

**Clark, Nicole**

**From:** Bialek, Adam
**Sent:** Wednesday, August 02, 2017 7:43 PM
**To:** Clark, Nicole
**Subject:** FW: Arg bonds

---

From: Willi Brand (HWB CAPITAL MANAGEME)
Sent: Monday, April 11, 2016 2:03 AM
To: Spencer, Michael
Subject: Re:Arg bonds

Hi Mike, I understand of course. I just wanted to let you know that they also came up with the idea terminating your contract according to the contract clause. Do not talk to them any further. I am the owner of the hwb funds and the manager as well, I am doing my due diligence daily. It is my decision and not theirs! Will meet them today. At what time can I call you? Best Willi

---

HWB Capital Management (Suisse) Aeschenvorstadt 71 CH-4051 Basel Fon 0041 6122 54 334 Fax 0041 6122 54 410 www.hwb-fonds.com Please consider the impact on the environment before printing this e-mail. There is no guarantee that internet communication is secure. E-mail communication is not error-free. Any message, opinion or advice contained in this e-mail involving a commitment is not valid and does not engage HWB in liability unless followed by written and signed confirmation.

From: MSpencer@milberg.com At: Apr 10 2016 17:34:07
To: WILLI BRAND (HWB CAPITAL MANAGEME)
Cc: prv@rositovago.com
Subject: Re:Arg bonds

Hello Willi --
If they/you will not accept public offer terms, there will be no settlement that I can see (at least before argument on the 13th) because Argentina adamantly refuses to offer better terms to anyone (except NML group).
Please also remember that the availability of even 70% is due to the Equal Treatment injunctions that we obtained on your bonds, so on any analysis we are entitled to our fees.
Best,
Mike

Sent from my iPhone

---

This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify sender immediately. Thank You.

---

This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify sender immediately. Thank You.

---