**WILK AUSLANDER**

Wilk Auslander LLP   T  212-981-2300
1515 Broadway   F  212-752-6380
New York, NY  10036   wilkauslander.com

Julie Cilia
Partner
212-981-2297
jcilia@wilkauslander.com

September 13, 2019

**VIA ECF AND EMAIL**

The Hon. Analisa Torres, U.S.D.J.
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007
TorresNYSDChambers@nysd.uscourts.gov

      Re:    *Milberg LLP v. HWB Alexandra Strategies Portfolio, et al.,*
             **Case No. 19-cv-04058**

Dear Justice Torres:

    We represent the respondents ("Respondents") named in the above-referenced proceeding commenced on May 6, 2019 (the "Proceeding"), in which petitioner Milberg LLP ("Milberg") is seeking to vacate an arbitration award. We write to request that the Court permit Respondents to file a motion to dismiss the Proceeding with prejudice in light of two fatal defects: First, the Proceeding is time-barred because Milberg failed to serve notice of its motion to vacate within three months after the underlying arbitration award's delivery, as 9 U.S.C. § 12 requires. Second, according to Milberg's own pleading, it has just one "partner" and therefore lacks capacity to sue.

    We understand that the Court has ordered Milberg to file a summary judgment motion. In the interest of efficiency, however, we respectfully request that the Court first permit Respondents to file a dismissal motion that addresses the defects this letter outlines. Thus, pursuant to Your Honor's Individual Rule of Practice III.A-B, this letter constitutes Respondents' pre-motion letter setting forth the basis for their anticipated motion to dismiss Milberg's Amended Petition to Vacate Arbitration Award ("Petition" or "Pet.") (ECF No. 10).[1]

---

[1] In accordance with Your Honor's Individual Rules of Practice, on July 23, 2019, Respondents sent Milberg a letter setting forth reasons warranting the Petition's dismissal. Milberg disagreed with Respondents' arguments in a letter dated August 9, 2019. Respondents replied by letter on August 20, 2019. In a letter dated September 3, 2019, Milberg reiterated its opposition to Respondents' arguments. Milberg has not expressed to Respondents any intention to amend or withdraw the Petition. If the Court would like to review any of this correspondence, we would be happy to provide it.

01110155

The Hon. Analisa Torres, U.S.D.J.
September 13, 2019
Page 2

## *The Proceeding is untimely as a matter of law.*

Pursuant to 9 U.S.C. § 12, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." This three-month limitation is "absolute" and "'strictly construed'": "a party may not raise a motion to vacate … an arbitration award after the three month period has run[.]" *Anglim v. Vertical Group*, 2017 WL 543245, at * 7 (S.D.N.Y. Feb. 10, 2017) (citing cases). "[T]here is no common law exception to the three month limitations period on the motion to vacate." *Triomphe Partners, Inc. v. Realogy Corp.*, 2011 WL 3586161, at * 2 (S.D.N.Y. Aug. 15, 2011) (citations and internal quotation marks omitted), *on reconsideration in part*, 2012 WL 266890 (S.D.N.Y. Jan. 30, 2012).

Here, it is undisputed that the American Arbitration Association delivered the arbitration award that Milberg seeks to vacate on February 5, 2019. Under 9 U.S.C. § 12, Milberg's time to serve notice of its motion to vacate on Respondents expired exactly three months later, on *May 5, 2019*.[2] Given Milberg's failure to effect service by that date, this Proceeding is time-barred as a matter of law – as Respondents have pointed out to Milberg.

In response, Milberg has argued that 9 U.S.C. § 12 does not apply to "service of petitions to vacate upon extraterritorial defendants, and instead parties must look to the Federal Rules of Civil Procedure"; in Milberg's view, "having 9 U.S.C. § 12 apply to foreign respondents would be impossible" because of the time associated with service under the Hague Convention. (Milberg's August 9, 2019 letter, from William Dahill to Jay Auslander (the "8/9 Ltr.") at 1-2). Prevailing law directly contradicts Milberg's position, however.

As a preliminary matter, the applicable statute does not carve out any "extraterritorial defendant" exception to its three-month limitation period: rather, it unequivocally states that notice of a motion to vacate "must be served" within three months. 9 U.S.C. § 12. *See also*, *e.g.*, *Anglim*, 2017 WL 543245, at * 7 ("No exception to [the] three month limitations period is mentioned in [9 U.S.C. § 12].") (internal quotation marks omitted).

Moreover, courts have explicitly rejected the argument Milberg advances. For example, in *Argentine Republic v. Nat'l Grid Plc*, 637 F.3d 365, 367 (D.C. Cir. 2011), Argentina sought under F.R.C.P. 6(b) to extend its time to serve notice of the motion to vacate it had filed, arguing "it would be impossible to complete service of notice within the three month period because [the respondent] was headquartered in the United Kingdom, and, under the Hague Convention … proper service in the U.K. required using a central governmental authority." The Court of Appeals affirmed the district court's dismissal of the motion to vacate as untimely, holding the district court lacked authority to extend the three-month statutory period. *Id.* at 369.

*Grupo Unidos Por El Canal S.A. v. Autoridad Del Canal de Panama*, 2018 WL 3059649 (S.D. Fl. June 20, 2018), another case involving an extraterritorial respondent, is also on point.

---

[2] "Section 12's clock starts ticking the same day that an arbitration 'award is delivered [or filed], not the day after.'" *Anglim*, 2017 WL 543245, at * 7 (quoting *Triomphe*, 2011 WL 3586161, at *2).

01110155

The Hon. Analisa Torres, U.S.D.J.
September 13, 2019
Page 3

The court denied the motion to vacate as untimely, holding that "the three-month timeframe in the FAA [Federal Arbitration Act] is a limitations period" and that failure to effect proper, timely service meant the motion was "time-barred." 2018 WL 3059649, at *4-5. The court also emphasized that "Petitioners fail to point to any authority to support the notion that an equitable exception to the notice requirement under the FAA exists. Indeed, courts have found the opposite." *Id.* at 4 (citing cases). The *Grupo* court applied F.R.C.P. 4 only to the *method* according to which the extraterritorial respondent should have been served, *see id.* at *2; it did not excuse the petitioners from the three-month limitation set forth in 9 U.S.C. § 12. *See id.* at *5 ("Petitioners provide no authority to support the notion that this Court may extend the statutory deadline for service.").

Further, in the parties' correspondence preceding this letter, Milberg failed to identify any case holding that a respondent's location outside the United States exempts a petitioner from application of the three-month statutory limitation. Milberg's inapposite cases address the *manner* of service, not the time period in which it must occur:

In *In re InterCarbon Bermuda, Ltd. v. Caltex Trading and Transp. Corp.* (cited in 8/9 Ltr. at 1), the issue was merely whether "Rule 4 or Rule 5" of the Federal Rules of Civil Procedure is the "proper fallback provision" for the "*manner of service*" under 9 U.S.C. § 12 on a foreign party given that "Section 12 provides no *method of service* for foreign parties not resident in any district of the United States." 146 F.R.D. 64, 67 (S.D.N.Y. Jan. 12, 1993) (emphasis added).

*In re: Coudert Bros. LLP* (cited in 8/9 Ltr. at 1) does not even concern 9 U.S.C. § 12[3]: there, the plaintiff "moved in bankruptcy court to *confirm*" the arbitration award, 2017 WL 1944162, at *2 (S.D.N.Y. May 10, 2017) (emphasis added), not vacate it under 9 U.S.C. § 12. And, again, *Coudert* merely addresses the *method* of service on a foreign defendant – not the limitations period to complete service. *See id.* at *5, 13 (FedEx and mail service improper).

*Canada Life Assurance Co. v. Converium Ruckversicherung (Deutschland) AG* (cited in 8/9 Ltr. at 2) also focuses on method of service. There, the petitioner commenced a proceeding to vacate an arbitral award and for a declaration that Canada was the arbitration's "legal situs." *Canada Life*, 2007 WL 1726565, at *2 (D.N.J. June 13, 2007). Petitioner allegedly filed the action based on the respondent's attempt to reserve an argument that New Jersey was "the legal situs," which the petitioner argued could ultimately prevent it, due to the FAA's "*statute of limitations*, 9 U.S.C. § 12, from seeking the same relief in this Court." *Id.* at *2 (emphasis added). The respondent moved to dismiss based on, among other things, inadequate service. The court held that F.R.C.P. "4(h) governs service of process on a foreign corporation," and consequently petitioner's attempted service by a U.S. Marshal on the respondent's law firm was deficient and it had to effect service under F.R.C.P. 4(h). *Id.* at *4, 9.

Milberg's reliance on *Ashraf-Hassan v. Embassy of France in U.S.*, 878 F. Supp. 2d 164 (D.D.C. 2012) (partially granting motion to dismiss Title VII claims) and *DHL Global Forwarding Mgmt. Latin Am., Inc. v. Pfizer, Inc.*, 2014 WL 5169033, at *3 (S.D.N.Y. Oct. 14,

---

[3] The only reference to 9 U.S.C. § 12 appears in dicta, where the court quotes *InterCarbon Bermuda.*

**WILK AUSLANDER**

The Hon. Analisa Torres, U.S.D.J.
September 13, 2019
Page 4

2014) (dismissal of action seeking declaratory judgment) for the proposition that F.R.C.P. 4(m) "has been interpreted to allow additional time for serving foreign entities" (8/9 Ltr. at 2) is likewise misplaced: neither has anything to do with 9 U.S.C. § 12 or even arbitration, and neither suggests that F.R.C.P. 4(m) is a basis for abrogating any statutory limitations period whatsoever.

Finally, Milberg's argument that application of 9 U.S.C. § 12 is "impossible" in the context of foreign respondents because of the time necessary to effect Hague Convention service (8/9 Ltr. at 2) fails because it ignores (i) that courts *do* apply Section 12's limitation period in cases involving foreign respondents, as set forth above at 2-3; and (ii) that, under F.R.C.P. 4(f)(3) and 4(h), petitioners can seek (before expiration of the three-month limitation period) a Court order permitting service by faster, alternate "means not prohibited by international agreement."

### *Milberg's pleading establishes it is a legal nullity.*

In the Petition, Milberg alleges that "it is a limited liability partnership organized under the laws of New York, and its *only* partner is a citizen of New York State." (Pet. ¶ 1) (emphasis added). With just *one* partner, however, Milberg is a legal nullity, not a legal partnership. *See* NY Partnership Law § 10(1) ("A partnership is an association of two or more persons….")

After Respondents raised this issue, Milberg responded that it "is a partnership made up of two or more persons who are residents of the United States" and that the Petition's "one partner" allegation "was a simple error based on an internal misunderstanding . . . ." (8/9 Ltr. at 2). This statement in a letter, however, does not resolve the fundamental defect in the Petition, and to date Milberg has made no effort to amend the Petition to correct the supposed error – even though on May 7, 2019 the Court ordered Milberg to allege its "entire citizenship" (ECF No. 9) and, further, Respondents advised Milberg of this issue over seven weeks ago.

### *Conclusion*

For the reasons set forth above, Respondents respectfully request that, prior to any briefing on Milberg's motion for summary judgment seeking vacatur of the arbitration award, the Court permit Respondents to file a motion to dismiss that addresses the issues outlined above, *i.e.*, (i) the Proceeding's untimeliness and (ii) Milberg's lack of capacity to bring this Proceeding given its "one partner" allegation.

Respondents reserve all of their rights and defenses, including but not limited to any defenses based on lack of proper service.

Respectfully,

Julie Cilia