**WILK AUSLANDER**

Wilk Auslander LLP    T  212-981-2300
1515 Broadway          F  212-752-6380
New York, NY 10036     wilkauslander.com

Julie Cilia
Partner
212-981-2297
jcilia@wilkauslander.com

November 15, 2019

**VIA ECF AND EMAIL**

The Hon. Analisa Torres, U.S.D.J.
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007
Torres_NYSDChambers@nysd.uscourts.gov

> Re:   *Milberg LLP v. HWB Alexandra Strategies Portfolio, et al.,*
>       Case No. 19-cv-04058

Dear Judge Torres:

As Your Honor knows, we represent all of the Respondents in this proceeding apart from Victoria Strategies Portfolio Ltd. ("VSP"), which no longer exists. We write in response to Milberg LLP's ("Milberg") November 8, 2019 letter to the Court in the event that it ultimately affects our clients.

Milberg's purported service on VSP on July 5, 2019 pursuant to the Hague Convention cannot be effective for two reasons.

First, Milberg's certificate of service (Doc. 47 at 2-17) indicates that its papers went to an entity called Delphinus S.à.r.l. ("Delphinus"), in Luxembourg – *not* VSP. Milberg provides no evidence that Delphinus was authorized to accept service on VSP's behalf, or even that it has any affiliation with VSP. Moreover, nothing in Milberg's certificate indicates that Delphinus ever accepted service on VSP's behalf. Rather, the certificate states that "[n]o one was present and a copy was left at the addressee's [Delphinus'] address in a sealed envelope, while an additional copy was sent by mail." (Doc. 47 at 3). That no one was present comports with our understanding that Delphinus itself no longer exists and, moreover, has never been authorized to accept service of process on VSP's behalf.

Second, Milberg's certificate of service is rife with patent errors. For example, it contains an "Affidavit of Service" that claims that: (i) VSP "elected domicile at the Law Office of William F. Dahill, Wollmuth Maher & Deutsch LLP" and (ii) VSP itself requested service of Milberg's papers on Delphinus. (Doc. 47 at 4). These statements are nonsensical and obviously incorrect. And Milberg fails to establish that service premised upon such errors is consistent with proper service in Luxembourg under the Hague Convention.

Finally, contrary to Milberg's suggestion, it is not entitled to a default judgment against VSP – not only because Milberg has failed to demonstrate proper service on VSP but also because this Court should dismiss this entire proceeding for the reasons set forth in the dismissal motion we filed on November 8, 2019. In addition, a default judgment would be inappropriate because an entity that does not exist cannot be sued. *See, e.g., Franklin v. Waters*, 2017 WL

01119785

WILK AUSLANDER

The Hon. Analisa Torres, U.S.D.J.
November 15, 2019
Page 2

10221324, at *1 (S.D.N.Y. Aug. 29, 2017) ("Absent affirmative proof that CAH is an existing legal entity, it cannot be sued.").

      Thus, it is evident that Milberg has neither effected service on VSP nor has any entitlement to a default judgment against VSP.

                                    Respectfully submitted,

                                    Julie Cilia

cc: William Dahill, Esq. (via ECF)

01119785