# DUNNINGTON
## BARTHOLOW & MILLER LLP

### ATTORNEYS AT LAW

230 Park Avenue, 21st Floor  |  New York, NY 10169  |  Phone: 212.682.8811 |  www.dunnington.com  |  WDahill@dunnington.com

November 22, 2019

By ECF and Email
Hon. Analisa Torres
United States District Judge
500 Pearl Street
New York, NY 10007
TorresNYSDChambers@nysd.uscourts.gov

Re:    *Milberg LLP v. HWB Alexandra Strategies Portfolio, et al.,*
        No. 19 Civ. 4058 (AT) –
        Milberg's response re: sufficiency of Hague Convention service;
        request for permission to file motion for default judgment against VSP

Dear Judge Torres:

This letter is submitted on behalf of the Petitioner, Milberg LLP ("Milberg"), to respond briefly to the November 15, 2019 letter from the Wilk Auslander firm ("WA") (ECF 50) concerning my letter of November 8 (ECF 47) providing proof of Hague Convention service on Respondent Victoria Strategies Portfolio Ltd. ("VSP"), which WA asserts no longer exists. *See* October 21, 2019 Order (ECF 46), ¶ 4.

Since WA has pointedly *not* appeared for VSP, it is unclear whose interest WA is claiming to represent here -- its letter says it writes "in the event that" our evidence of service on VSP "ultimately affects [WA's] clients," which is opaque.

WA's November 15 letter asserts that our service on VSP in Luxembourg was ineffective because "Milberg provides no evidence" that the listed addressee (Delphinus S.à.r.l.) "was authorized to accept service on VSP's behalf, or even that it has any affiliation with VSP"; and because the certificate of service on VSP is supposedly filled with errors.

In 2007 and 2009, VSP entered into three retainer agreements to litigate claims on different sets of its bonds, which were included in actions against Argentina commenced in 2007 and 2009 (attached as Exhibit A).[1]

---

[1] Two retainers were entered into between VSP and Dreier LLP in 2007, covering about $11.2 million face amount of bonds (those claims were included in 07 CV 10657 and 07 CV 11382). Milberg substituted in for Dreier in 2009 in those cases, with the consent of the plaintiffs, including VSP. The third retainer in 2009 was between VSP and Milberg, covering about $7.8 million face amount of bonds (09 CV 8299). The total face amount of bonds litigated for Respondents (including VSP) by Milberg was about $83 million. VSP thus represented about 22.9% of the total.

The three retainer agreements were each addressed to:

Victoria Strategies Portfolio Ltd.
c/o Delphinus S.a.r.l.
rue Jean-Pierre Sauvage 15
La Corail B2/3rd Floor
L-2514 Luxembourg

That address was given to counsel by Mr. Brand, the manager for Respondents (the HWB-affiliated funds, including VSP). The first two retainers also bear what appear to be the signatures of Mr. Brand as "witness" for the signing officers of VSP.

In 2019, Milberg used that exact address for its Hague Convention service on VSP, as shown in the returns of service filed with ECF 47. It is thus disingenuous for WA to profess that it cannot understand why Milberg would use that service address. Service on VSP through Delphinus at that address is proper.

WA's assertions of purported errors in the process server's certificate of service pursuant to Hague Convention Article 6 are ministerial and do not impair the validity of service. Article 6 provides that the certificate "shall state that the document has been served and shall include [1] the method, [2] the place, [3] the date of service and [4] the person to whom the document was delivered." *See* Convention On The Service Abroad of Judicial and Extrajudicial Documents In Civil Or Commercial Matters, available at https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last visited on November 20, 2019). The certificate submitted by Milberg complies with the requirement (*see* ECF 47). "It is well settled that the return of a completed certificate of service by a [Hague Convention] Central Authority establishes prima facie evidence that the Central Authority's service on Defendants was made in compliance with the convention." *Unite Nat'l Ret. Fund v. Ariela, Inc.,* 643 F. Supp. 2d 328, 334 (S.D.N.Y. 2008), *citing Resource Trade Finance, Inc. v. PMI Alloys, LLC,* 2002 WL 1836818, at 4 (S.D.N.Y. Aug. 12, 2002) (collecting cases). Actual notice, rather than strict formalism, governs validity of service. *Burda Media, Inc. v. Viertel,* 417 F.3d 292, 301 (2d Cir. 2005).

WA also has asserted that VSP "does not exist and cannot be sued." VSP clearly existed as recently as May 2017, when Respondents claimed over $162 million in settlement proceeds from Argentina on Respondents' bond claims, and as recently as February 2019, when Argentina's counsel was apparently induced to release the settlement proceeds from escrow to Respondents after the arbitration award decision was issued. WA's contention that VSP can escape liability for fees by (purportedly) dissolving while this claim is pending is insupportable; in the only case WA cites, *Franklin v. Waters*, No. 16 CV 9819 (AKH), 2017 WL 10221324, at *1 (S.D.N.Y. Aug. 29, 2017), the claimant had admitted in its pleading that it "has not been able to confirm that [defendant] is actually registered with the Delaware Secretary of State" – whereas here, VSP's retainers (and its consistent declarations supporting its summary judgment motions in the underlying bond litigations) evidence its existence. *See* Second Amended Petition ¶ 13.

---

Milberg represented many other individuals and funds in the Argentine bond litigations; Respondents accounted for over one-quarter of the total amount of bonds at issue in all Milberg cases.

In sum, Milberg's service on VSP was presumptively effective, and WA has not provided any competent evidence that VSP cannot be sued due to dissolution, dissipation of assets, or otherwise.

By this letter, pursuant to Individual Practices Rule III(A), and in light of the exposition of these issues in the correspondence and filings to date, Milberg respectfully requests permission to file its motion for entry of a default judgment against VSP.

Respectfully submitted,

William F. Dahill

Cc: Counsel of Record (ECF)
Encl.