```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

MILBERG LLP,

                Petitioner,

-against-

HWB ALEXANDRA STRATEGIES PORTFOLIO; HWB DACHFONDS--VENIVIDIVICI; HWB GOLD & SILBER PLUS; HWB PORTFOLIO PLUS; HWB RENTEN PORTFOLIO PLUS; HWB VICTORIA STRATEGIES PORTFOLIO; DRAWRAH LIMITED; NW GLOBAL STRATEGY; U.V.A. VADUZ; VICTORIA STRATEGIES PORTFOLIO LTD.; KLAUS BOHRER; and UTE KANTNER,

                Respondents.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/8/2020

19 Civ. 4058 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Petitioner, Milberg LLP, brings this proceeding to vacate an arbitration award that was granted in favor of Respondents, HWB Alexandra Strategies Portfolio, HWB Dachfonds–Venividivici, HWB Gold & Silber Plus, HWB Portfolio Plus, HWB Renten Portfolio Plus, HWB Victoria Strategies Portfolio, Drawrah Limited, NW Global Strategy, U.V.A. Vaduz, Victoria Strategies Portfolio Ltd., Klaus Bohrer, and Ute Kantner.  Petition, ECF No. 42.  Now before the Court is Respondents' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that this Court lacks subject matter jurisdiction, and that the Petition was untimely served.  ECF Nos. 48 and 62.[1]  For the reasons stated below, the motion is GRANTED.

---

[1] Victoria Strategies Portfolio Ltd. joined in the motion to dismiss filed at ECF No. 48.  *See* ECF No. 62.

## BACKGROUND

I. <u>Petition</u>

The following facts are taken from the petition and are presumed to be true for the purposes of deciding a motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Brady v. Goldman*, No. 16 Civ. 2287, 2017 WL 111749, at *2 (S.D.N.Y. Jan. 11, 2017), *aff'd*, 714 F. App'x 63 (2d Cir. 2018) (Rule 12(b)(1)); *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015) (Rule 12(b)(6)). Petitioner, a law firm, represented Respondents, comprising ten Luxembourg and German retirement funds and two German individuals, in their suit for recovery on Argentine bonds as part of a wave of lawsuits that, starting in 2002, sought to enforce payment on Argentina's defaulted bonds. Petition ¶¶ 1–3, 21, 23. The retainer agreements entered into by the parties (the "Agreements") provided for arbitration of any disputes regarding the engagement. *Id.* ¶ 24.

In 2016, Respondents discharged Petitioner, invoking the "early termination" provisions of the Agreements. *Id.* ¶ 19. After retaining another law firm, Respondents settled with Argentina for $162.3 million, on the same settlement terms that Petitioner had obtained for Respondents shortly before being discharged. *Id.* ¶¶ 19, 21–37. Respondents refused to pay Petitioner any contingency fees. *Id.* ¶ 36.

In 2017, Petitioner commenced arbitration, seeking fees in *quantum merit*. *Id.* ¶ 38. In 2019, the arbitration panel issued a decision that rejected Respondents' defenses, but nevertheless declined to award Petitioner any fees. *Id.* ¶ 43, 50. The arbitrators' decision was provided to Petitioner and Respondents' respective counsel on February 5, 2019. *See* ECF No. 49-4.

On May 6, 2019, Petitioner commenced this proceeding, *see* ECF No. 1, seeking vacatur of the arbitration panel's decision to not to award any fees, as well as remand with instructions to the panel to compute a fee consistent with principles of *quantum meruit*, *see* Petition at 17.

II.     Procedural History

On May 6, 2019, the day this proceeding was filed, Petitioner's counsel emailed Respondents' counsel asking whether the latter was "authorized to accept service" on behalf of Respondents.  *See* ECF No. 49-5 at 3.  Respondents' counsel stated that it was not.  *Id.* at 2.

In an order dated May 7, 2019, the Court directed that Petitioner allege the citizenship of each of its general and limited partners, noting that if the basis for subject matter jurisdiction was diversity, Petitioner "must allege the entire citizenship of Petitioner," and warned that failure to amend in compliance with the order or failure to properly allege jurisdiction would result in dismissal of the petition.  ECF No. 9.  On May 9, 2019, Petitioner filed an amended petition, alleging diversity jurisdiction, and pleading that Petitioner "is a citizen of New York, because it is a limited liability partnership organized under the laws of New York, and its only partner is a citizen of New York State."  ECF No. 10 ¶ 1.

On September 27, 2019, after reviewing the parties' pre-motion letters, the Court again directed Petitioner to amend its petition.  ECF No. 37.  On October 11, 2019, Petitioner filed the second amended petition, ECF No. 42, which alleges that Petitioner has "two or more partners," and that, "[a]t all times relevant to this [p]etition, all of Petitioner's partners are, or were, citizens of a state of the United States."  Petition ¶ 1.

**DISCUSSION**

III. <u>Dismissal Under Rule 12(b)(1)</u>

    A. Legal Standard

"[S]ubject matter jurisdiction is a threshold question that must be resolved before proceeding to the merits." *Young-Gibson v. Patel*, 476 F. App'x 482, 483 (2d Cir. 2012) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998) (internal quotation marks and alterations omitted)). Where subject matter jurisdiction is lacking, "dismissal is mandatory." *Manway Constr. Co. v. Housing Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Where diversity is the basis for the Court's subject matter jurisdiction, that "diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Paola del Lumtgo, S.P.A.*, 293 F.3d 579, 581 (2d Cir. 2002); *see also Grupo Dataflux v. Atlas Glob. Group, L.P.*, 541 U.S. 567, 569–70 (2004) ("[T]he jurisdiction of the court depends upon the state of things at the time of the action brought." (quoting *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824) (internal quotation marks omitted)).

"The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Sharkey v. Quarantillo*, 541 F.3d 75, 82–83 (2d Cir. 2008) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992) (internal quotation marks omitted). Therefore, "[j]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003); *see also Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.

4

1992) ("[A]rgumentative inferences favorable to the party asserting jurisdiction should not be drawn.").

B. Analysis

Petitioner invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as the basis for subject matter jurisdiction. Petition ¶ 17. Because all Respondents are citizens of foreign countries, *id.* ¶¶ 4–15, Petitioner must establish diversity under 28 U.S.C. § 1332(a)(2), which provides for jurisdiction in certain cases between "citizens of a State and citizens or subjects of a foreign state." For purposes of diversity jurisdiction, the citizenship of limited partnerships is based on the citizenship of each of its general and limited partners. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000).[2] Therefore, if any of Petitioner's partners are not citizens of the United States within the meaning of the diversity statute, diversity jurisdiction is destroyed. *See Flores v. Citizens Int'l. Bank*, 1992 WL 309546, at *1 (S.D.N.Y. Oct. 15, 1992) ("Under Second Circuit law, 'the presence of aliens on two sides of a case destroys diversity jurisdiction.'" (quoting *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980)).

The petition alleges that "Petitioner is a New York limited liability partnership with two or more partners. At all times relevant to this Petition, all of Petitioner's partners are, or were, citizens of a state of the United States." Petition ¶ 1. This allegation, however, does not specify whether all of Petitioner's partners were citizens of a state of the United States *at the commencement of the action*. This absence renders the petition defective on its face. *See Brady*,

---

[2] *See also Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State."); 15 Moore's Federal Practice § 102.34[2] (3d ed. 2000) ("Domicile generally requires two elements: (1) physical presence in a state and (2) the intent to make the state a home."); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990) ("United States citizens who are domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, and § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties.").

2017 WL 111749, at *2 (noting that a court must "refrain from drawing any inferences in favor of the party asserting jurisdiction." (internal quotation marks and citation omitted)); *Simmons v. Rosenberg*, 572 F. Supp. 823, 825 (E.D.N.Y. 1983) ("Diversity must be alleged with detail and certainty.").

In opposing the motion to dismiss, Petitioner submitted a declaration from Michael C. Spencer, who is "Of Counsel" to Petitioner. Spencer Decl. ¶ 1, ECF No. 56. The declaration states that, "[w]hen the present vacatur proceeding was commenced in May 2019, Milberg LLP had two partners: Ariana Tadler, a citizen of New York, and Glenn Phillips, a citizen of Washington." *Id.* ¶ 4. Such a declaration is insufficient, however.

"[W]hen, as here, subject matter jurisdiction is challenged under Rule 12(b)(1), evidentiary matter may be presented by affidavit or otherwise." *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). Although "a 12(b)(1) motion cannot be converted into a Rule 56 motion, Rule 56 is relevant to the jurisdictional challenge in that the body of decisions under Rule 56 offers guidelines in considering evidence submitted outside the pleadings." *Id.* Courts, therefore, review declarations for compliance with Rule 56, including the requirement that the contents be based upon personal knowledge. *See id.* (collecting cases).

Respondents argue that the Spencer declaration is deficient because it is not based on personal knowledge. Resp. Reply at 3–4, ECF No. 61. The Court agrees. The declaration does not indicate whether the statements regarding the citizenship of Petitioner's partners at the time of the commencement of the action—and the facts subsidiary to those assertions, which include each partner's physical presence in a state and an intent to make the state a home, *see Cresswell*, 922 F.2d at 68—were made on the basis of Spencer's personal knowledge. *See also Kamen*, 791 F.2d at 1011 (holding that the district court improperly considered an attorney's affidavit where

the affidavit "contain[ed] no information to indicate a basis in personal knowledge for the affiant's conclusory statement"). Because the petition fails to adequately plead diversity citizenship and the Spencer declaration does not indicate a basis in personal knowledge, the Court concludes that Petitioner has not carried its burden of establishing diversity jurisdiction.

Accordingly, Respondents' motion to dismiss for lack of subject matter jurisdiction is GRANTED.

IV.   Dismissal Under Rule 12(b)(6)

A. Legal Standard

"Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises a statutory bar, such as lack of timeliness, as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Lucesco Inc. v. Republic of Argentina*, 788 F. App'x 764, 767 (2d Cir. 2019) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion to dismiss, a court may consider not only the complaint's factual allegations and documents attached to, or incorporated by reference in, the complaint but also "matters of which judicial notice may be taken," and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing the suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). Courts may take judicial notice of any facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Cox v. Perfect Bldg. Maintenance Corp.*, 2017 WL 3049547, at *3 (S.D.N.Y. July 18, 2017) (quoting Fed. R. Evid. 201(b)). Materials appropriate for judicial notice include arbitration filings. *See, e.g., Plumbing Supply, LLC v. ExxonMobil Oil Corp.*, 2017 WL 3913020, at *6 n.3 (S.D.N.Y. Sept. 5, 2017).

Under statute, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. This three-month limitation is "absolute" and "'strictly construed.'" *Anglim v. Vertical Group*, 2017 WL 543245, at *7 (S.D.N.Y. Feb. 10, 2017) (internal quotation marks omitted); *see also Barclays Capital Inc. v. Hache*, No. 16 Civ. 315, 2016 WL 3884706, at *2 (S.D.N.Y. July 12, 2016) ("[T]he three-month deadline contained in 9 U.S.C. § 12 is not subject to extension."). Thus, a "party may not raise a motion to vacate . . . an arbitration award after the three month period has run." *Barclays Capital Inc.*, 2016 WL 3884706, at *2 (internal quotation marks and citation omitted).

B. Analysis

The arbitration award was delivered on February 5, 2019. *See* ECF No. 49-4. "Section 12's clock starts ticking the same day that an arbitration award is delivered or filed, not the day after." *Anglim*, 2017 WL 543245, at *7 (internal quotation marks, citation, and alterations omitted). Thus, under 9 U.S.C. § 12, Petitioner's time to serve notice of its motion to vacate on Respondents expired, at the latest, on May 6, 2019.[3]

The petition was filed on May 6, 2019. ECF No. 1. However, it was not until the evening of May 6, 2019 that Petitioner's counsel emailed Respondents' counsel to inquire whether the latter was "authorized to accept service." *See* ECF No. 49-5 at 3. Such an inquiry was not, however, proper service. *Compare* ECF No. 49-5 at 2 (stating that Respondents' counsel was not authorized to accept service), *with Santos v. State Farm Fire & Cas. Co.*, 902

---

[3] Assuming that Federal Rule of Civil Procedure 6(a)(1)(C) applies in the computation of time in 9 U.S.C. § 12, the original petition's filing on May 6, 2019 was timely because May 5, 2019 was a Sunday. *But see Triomphe Partners, Inc. v. Realogy Corp.*, 2011 WL 3586161, at *2 (S.D.N.Y. Aug. 15, 2011) (noting that, under Federal Rule of Civil Procedure 81(a)(6)(B), Rule 6(a)(1)(A) does not apply to the limitation period in 9 U.S.C. § 12), *reconsidered in part*, 2012 WL 266890 (S.D.N.Y. Jan. 30, 2012).

F.2d 1092, 1094 (2d Cir. 1990) ("[S]ervice of process on an attorney not authorized to accept service for his client is ineffective.").

The Court cannot excuse Petitioner's tardiness. Because the action to enforce or vacate an arbitration award is a "creature of statute" and unknown in the common law, "there is no common law exception to the three month limitations period on the motion to vacate." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984). Thus, courts in this district have declined to find an "equitable tolling" exception to the statutory deadline. *See, e.g.*, *Triomphe Partners*, 2011 WL 3586161, at *2 (holding that petition to vacate "served three months and one day after delivery of the award" was "untimely"); *see also Waveform Telemedia, Inc.* v. *Panorama Weather N. Am.*, No. 06 Civ. 5270, 2007 WL 678731, at *5 (S.D.N.Y. Mar. 2, 2007) (holding as untimely a petition to vacate served three months and three days after petitioner received award).[4]

Finally, because a defect cannot be cured with further amendment or proper service, leave to amend is not warranted. *Cf. Aequitron Med., Inc. v. CBS, Inc.*, No. 93 Civ. 950, 1994 WL 414361, at *2 (S.D.N.Y. Aug. 5, 1994) (noting that amendment would be futile where claims are time-barred).

Accordingly, Respondents' motion to dismiss the petition with prejudice is GRANTED.

---

[4] Petitioner describes Respondents' counsel's refusal of service as an "unexpected development." ECF No. 12 at 1. Unexpected as it may have been, Petitioner did not seek an extension of the service deadline required by 9 U.S.C. § 12—setting aside the question of whether the Court would have been empowered to grant such an extension—and only now argues that it should be excused from having to meet it. *See id.* (requesting an extension of the court-imposed service deadlines of motion papers at ECF No. 11, but not the deadline under 9 U.S.C. § 12). Even if the Court could lawfully apply equitable tolling to the service deadline, it would decline to do so.

## CONCLUSION

For the reasons stated above, Respondents' motions to dismiss under Rule 12(b)(1) and Rule 12(b)(6) are GRANTED.  Because amendment would be futile, dismissal is with prejudice.

The Clerk of Court is directed to terminate the motions at ECF Nos. 48 and 62, and close the case.

SO ORDERED.

Dated: July 8, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge